# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | |
|---|---|
| **RAMATA DOUKOURE** | **CIVIL ACTION NO. 25-1779 SEC P** |
| **VERSUS** | **JUDGE JERRY EDWARDS JR.** |
| **LISA BOWEN ET AL** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

## ORDER

Before the Court is Petitioner's Motion for TRO and Preliminary Injunction ("Motion") (R. Doc. 6) filed by habeas Petitioner, Ramata Doukoure ("Petitioner"). On November 14, 2025, Petitioner filed her Habeas Petition (R. Doc. 1), followed by the instant Motion on December 11, 2025. Both filings seek immediate release or, in the alternative, a bond hearing.[1]

The very basis of a habeas action is to challenge the statutory or constitutional basis for detention. *See Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 117 (2020) ("[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and … the traditional function of the writ is to secure release from illegal custody.") (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)). Seeking injunctive relief that mirrors the relief requested in the habeas petition is nothing more than a motion to decide my habeas petition now.[2] The Court will not

---

[1] *See* R. Doc. 1 at 10; *see also* R. Doc. 5-1 at 23; *see generally* R. Doc. 6.
[2] *See Peters v. Davis*, No. 6:17-cv-595, 2018 WL 11463602, at *2 (E.D. Tex. Mar. 27, 2018); *accord Lindell v. United State*s, 82 F.4th 614, 618 (8th Cir. 2023) ("This Court has repeatedly recognized that the purpose of injunctive relief is to preserve the status quo; it is not to give the movant the ultimate relief he seeks."); *Kane v. De Blasio*, 19 F.4th 152, 163 (2d Cir. 2021) ("The purpose of a preliminary injunction is not to award the movant the ultimate relief sought in the suit but is only to preserve the status quo by preventing during the pendency of the suit the occurrence of that irreparable sort of harm which the movant fears will occur." (cleaned up)).

allow Petitioner to commit an end-run around the habeas process. As such, the Motion is **DENIED**. The case will proceed on an expedited briefing schedule before the Magistrate Judge when the Respondents have been served.

**IT IS ORDERED** that Petitioner's Motion for TRO and Preliminary Injunction (R. Doc. 6) is **DENIED**.

**IT IS FURTHER ORDERED** that the Habeas Petition (R. Doc. 1) is hereby referred to the Magistrate Judge for the issuance of an expedited briefing schedule.

**THUS DONE AND SIGNED** in Chambers this 11th day of December, 2025.

_____
JERRY EDWARDS, JR.
UNITED STATES DISTRICT JUDGE