UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

**RAMATA DOUKOURE**  **CIVIL ACTION NO. 25-1779**

**SECTION P**

**VS.**

**JUDGE JERRY EDWARDS, JR.**

**LISA BOWEN, ET AL.**  **MAG. JUDGE KAYLA D. MCCLUSKY**

## MEMORANDUM RULING AND ORDER

Petitioner Ramata Doukoure, a detainee at Richwood Correctional Center in the custody of the Department of Homeland Security and the Bureau of Immigration and Customs Enforcement ("ICE"), petitions for a writ of habeas corpus under 28 U.S.C. § 2241. For reasons that follow, her petition is GRANTED, and Respondents shall hold an individualized bond hearing for her within seven days.

### Merits

Petitioner is a citizen of Guinea. [Doc. 1, p. 1]. She "has been physically present in the U.S. since on or about December 2023, when she entered the country by crossing the Mexico-US border." *Id.* She has not been "admitted or paroled." [Doc. 1-4, p. 1].

Petitioner "was detained by US Customs and Border Patrol (CBP), released on recognizance under Section 236 of the INA (8 U.S.C. § 1226) and placed in removal proceedings before the Immigration Court. [Doc. 1-3, p.1]. She subsequently filed an application for asylum, which remains pending[.]" [Doc. 1, p. 1]. ICE arrested Petitioner again on October 10, 2025, charging her with violating "212(a)(6)(A)(i) of the Immigration and Nationality Act . . . ." [Doc. 1, p. 7; 1-4, p. 1].

Petitioner claims that she has not been afforded a bond hearing. [Doc. 1, p. 2]. She maintains that the Government is erroneously and unlawfully detaining her under 8 U.S.C. § 1225. She states that, instead, it should classify her as detained under 8 U.S.C. § 1226(a), because she "has been physically present in the US with the full knowledge and awareness of Respondents, since 2023, when she was released from her brief initial detention." [Doc. 1, p. 9]. She adds that under 8 U.S.C. § 1226(a), she is entitled to a bond hearing. She asks the Court to order Respondents to conduct a bond hearing. *Id.* at 10.

Respondents oppose the petition. They maintain that Petitioner is detained under 8 U.S.C. § 1225, and is therefore not entitled to a bond hearing. [Doc. 12].

As acknowledged by Respondents, this Court has rejected their arguments in recent cases that presented the same core issues, *Kostak v. Trump*, No. 25-cv-1093, 2025 WL 2472136 (W.D. La. Aug. 27, 2025) and *Lopez-Santos v. Noem*, et al, No. 25-cv-1193, 2025 WL 2642278 (W.D. La. Sept. 11, 2025). [doc. 12, p. 27]. Respondents' arguments were also rejected in *Martinez v. Trump*, 25-cv-1445, 2025 WL 3124847 (W.D. La. Oct. 22, 2025), and *Martinez v. Rice*, 25-cv-1780, 2025 WL 3554620 (W.D. La. Dec. 11, 2025). The Court's reasons for granting habeas relief in those cases apply here. Petitioner is detained under § 1226 and as such she is entitled to bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).

## EAJA Fees

Petitioner requests attorneys' fees under the Equal Access to Justice Act ("EAJA").[1]  28 U.S.C. § 2412(d)(1)(A).  Because fees under the EAJA are not available in habeas corpus proceedings, Petitioner's request is denied.  *Barco v. Witte*, 65 F.4th 782. (5th Cir. 2023).

## Conclusion

**IT IS ORDERED** that Petitioner's petition is **GRANTED** and that Respondents shall provide Petitioner an individualized bond hearing before an immigration judge under Section 1226(a), within **seven (7) days** of the date of this Memorandum Ruling and Order.

**IT IS FURTHER ORDERED** that Petitioner's request for attorney's fees under the EAJA is **DENIED**.

ALEXANDRIA, LOUISIANA, this 14th day of January, 2026.

*[signature: Jerry Edwards, Jr.]*

JERRY EDWARDS, JR.
UNITED STATES DISTRICT JUDGE

---

[1] [Doc. 1, p. 10].